KELLY-SPRINGFIELD TIRE CO. v. ROCKWOOD MOTOR INN, et al.

Eastern Section.   February 11, 1928.

Petition for Certiorari denied by Supreme Court, April 7, 1928.

J. Ralph Tedder and John F. McNutt, of Rockwood, for appellant.
Haggard, Jennings, Wright & Burns, of Rockwood, for appellee.

SENTER, J. A suit to recover on a debt due by account. The defendant, Rockwood Motor Inn, was a partnership composed of R. F. Hope and E. R. Wilhoyt, operating under the firm name of Rockwood Motor Inn. An attachment was issued and levied on the prop-

erty of the defendant, seeking to subject the same to the payment of the debt sued on. Also writ of injunction issued injoining and restraining the defendant from transferring or disposing of, or encumbering the property. A plea in abatement was filed to the attachment.

The plea in abatement was overruled and disallowed by the Chancellor and judgment was rendered in favor of complainant for the amount of the account sued on plus interest, less a credit of $25 for automobile tires returned by defendant to complainant.

A jury was called for, but the jury to try the issues of fact was waived and the case was heard by the Chancellor on depositions and oral evidence.

By the first assignment of error appellant contends that the Chancellor erred in finding as a fact that the complainant, being incorporated and organized under the laws of the State of New Jersey, was authorized to do business in the State of Tennessee.

Under this assignment of error appellant insists that the original bill as amended alleged that complainant was incorporated under the laws of the State of New York and that the acts of the legislature of the State of Tennessee containing a statement of foreign corporations which had complied with the laws of the State of Tennessee, did not show a Kelly-Springfield Tire Co. of New Jersey, to be among the list certified by the secretary of State as having qualified under the laws of the State of Tennessee. It is conceded that the Kelly-Springfield Tire Co., a corporation chartered under the laws of the State of New York is contained in the list of foreign corporation having domesticated in this State. While it is true the Chancellor stated in his finding of facts that the complainant was a foreign corporation chartered under the laws of the State of New Jersey, we think this is an inadvertent statement made by the Chancellor. A witness for the complainant, in his deposition taken in the cause, stated that complainant was a corporation organized under the laws of the State of New Jersey, and maintained a business or a branch in the City of Memphis. This witness also undertook to testify in his deposition that complainant had qualified under the laws of the State of Tennessee by filing a copy of its charter, etc., with the secretary of State, but this evidence was excepted to by the defendant, and the exceptions thereto sustained by the Chancellor. It was no doubt upon the statement made by the witness that the complainant was incorporated under the laws of the State of New Jersey, that caused the Chancellor to make the statement in the finding of the facts that complainant was a New Jersey corporation.

The bill alleged (the amended bill) that complainant was a corporation organized under and by virtue of the laws of the State of New York, and was authorized to transact business in the State of

Tennessee, by having filed and had recorded its charter of incorporation in the office of the secretary of State, on January 31, 1924. To sustain this allegation of its bill, complainant introduced on the trial of the case the Public Acts of the State of Tennessee for the year 1925, showing the foreign corporations that had complied with the laws of the State of Tennessee, and among the list is contained the Kelly-Springfield Tire Co., a New York corporation. The statement made by Lyons that complainant was a New Jersey corporation, was very probably covered by the exceptions to his evidence on the subject of the complainant having qualified to do business in the State of Tennessee, and this exception by defendant was sustained by the Chancellor. The certificate of the secretary of State contained in the Acts of 1925 included this corporation, and clearly supported the allegation in the bill. This made out a prima facie case by complainant that it was authorized to conduct its business in this State. The statement made by the Chancellor in his finding of the facts that complainant was a New Jersey corporation, was a clear inadvertance, and could in no way prejudice the rights of the defendant. This assignment of error is accordingly overruled.

The second assignment of error presents purely a question of fact. By this assignment of error it is said the Chancellor erred in finding as a fact that defendant had fraudulently or was about to fraudulently dispose of their property, etc. It is not insisted that there was no evidence to support this finding of the fact by the Chancellor. Where the jury has been called for and waived, and the issues of fact were tried by the Chancellor on depositions and oral testimony, the case is not tried de novo in the appellate court, and if there is any material evidence to support the finding of the facts by the Chancellor it cannot be disturbed on appeal.

We deem it unnecessary to discuss the evidence in detail, but it is sufficient to say that upon a careful examination of the record on this question we find there is material evidence to support the finding of the Chancellor. This assignment of error must be overruled.

The third and final assignment of error goes to the amount of the judgment, and complains that the Chancellor should have allowed a credit in the sum of $380, the alleged value of property attached and taken out of the possession of defendant, and not returned when the replevin bond was filed in the cause. We find nothing in the record to sustain this assignment of error.

It results that all assignments of error are overruled and the decree of the Chancellor is affirmed. Appellant will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.